Kamen Soap Products Co., Inc. v. Commissioner.
Kamen Soap Products Co. v. Commissioner
Docket Nos. 43616, 43617.
United States Tax Court
T.C. Memo 1954-169; 1954 Tax Ct. Memo LEXIS 79; 13 T.C.M. (CCH) 945; T.C.M. (RIA) 54275; October 11, 1954, Filed *79 Under a written agreement, by which petitioner acquired the assets of a partnership, petitioner became contractually obligated to pay the income taxes for 1945 and 1946 of the partner-transferors. The transferors received stock in petitioner as consideration for the assets transferred. Held, that petitioner's contractual obligation to pay the transferors' taxes is enforceable under section 311 of the 1939 Code. Petitioner is liable as transferee. Samuel E. Hirsch, Esq., 38 S. Dearborn Street, Chicago, Ill., for the petitioner. William A. Schmitt, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner has determined that petitioner is liable as a transferee under section *80 311 of the 1939 Code for income tax deficiencies and for the unpaid balances of income taxes originally reported of Rae Kamen, and Abraham L. Kamen, transferors, as follows: 1945
1946
Docket No. 43616, Rae Kamen
Deficiencies
$16,728.05
$30,334.86
Original tax, balance unpaid
none
52,780.34
Docket No. 43617, Abraham L. Kamen
Deficiencies
$18,562.85
$32,913.65
Original tax, balance unpaid
none
54,315.70
The only question to be decided is whether petitioner is liable in law or in equity as a transferee. Findings of Fact The petitioner is the transferee of all of the assets of Kamen Soap Products Co., a partnership, in which Abraham and Rae Kamen were the sole partners. They are the sole stockholders and officers of petitioner. Petitioner maintains an office in New York City and operates a manufacturing plant near Akron, Ohio. It is engaged in the business of manufacturing and selling industrial soap and related products which is the same business which the partnership conducted. Petitioner was organized on January 28, 1946 for the purpose of taking over the assets and business of the partnership which ceased business activities on January 31, 1946. Petitioner *81 acquired the assets of the partnership pursuant to a written agreement which is referred to hereinafter. Abraham and Rae Kamen, husband and wife, residents of Long Island, New York, filed individual returns for the calendar years 1945 and 1946 with the collector for the first district of New York. Deficiencies in their income taxes for 1945 and 1946, and the unpaid balances of their originally reported income taxes for 1946, as set forth above, are involved in these proceedings. The total amount thereof which is involved is $205,635.45, as follows: Rae Kamen, $99,843.25; Abraham Kamen, $105,792.20. The taxes involved have been assessed and they remain unpaid. Two warrants of distraint, one against Abraham Kamen and one against Rae Kamen, covering the original liabilities for taxes for 1946 were issued on August 5, 1948. The warrant of distraint issued against Abraham Kamen showed an unpaid balance of $63,415.70; [1] the warrant of distraint issued against Rae Kamen showed an unpaid balance of $61,780.34. Between September 30, 1948 and April 11, 1949, the sum of $9,000 was paid against each liability. Warrants of distraint also were issued against Abraham and Rae Kamen for their *82 unpaid taxes for 1945. On November 10, 1951, Abraham Kamen gave the office of the collector four checks in the sum of $1,250, each, of which two were to be applied against the tax assessed to him, and two were to be applied to the tax assessed to Rae Kamen. All of the checks were returned by the bank unpaid with the notation, "Insufficient funds and payment stopped." The collector has endeavored without success to collect the taxes which are still due and owing by Abraham and Rae Kamen for 1945 and 1946. He has filed general liens against them. He has made demands, without success, for their certificates of stock in the petitioner corporation. He has been unable to locate bank accounts with funds. Checks given in partial payment of taxes due have been returned as uncollectible. The income tax returns of Abraham and *83 Rae Kamen for 1945 reflect their respective shares of the income of the partnership for its fiscal year ended March 31, 1945. Their returns for 1946 reflect their respective shares of the partnership's income for the period April 1, 1945 to January 31, 1946. The tax liabilities of Abraham and Rae Kamen for 1945 and 1946 is due principally to the inclusion in their gross income for each of those years of their respective distributive shares of the net income of the partnership for its fiscal year ended on March 31, 1945, and for its taxable period from April 1, 1945 to January 31, 1946. On January 29, 1946, Abraham and Rae Kamen, as copartners doing business under the name of Kamen Soap Products Co., made a written offer to sell, assign, and transfer to the petitioner corporation all of the assets of the partnership except cash in the amount of $880.91, in exchange for petitioner's stock having a par value of $100,000, provided that petitioner would agree to assume the liabilities of the partnership and assume their personal liabilities for income taxes for 1945 and 1946 to the extent of $240,000. Petitioner accepted the offer, and it agreed to pay creditors of the partnership, and *84 the income taxes of Abraham Kamen to the extent of $123,000, and income taxes of Rae Kamen to the extent og $117,000, or a total of $240,000. All of the assets (except $880.91, cash) of the partnership were transferred to petitioner as of January 31, 1946, in the total net amount of $493,212.04. As of January 31, 1946, the partnership's liabilities amounted to $161,896.36. The petitioner's balance sheet after the receipt of the partnership's assets showed the following: "Assets
Current, fixed and miscellaneous
assets
$493,212.04
Good will
8,684.32
Total assets
$501,896.36
Liabilities
Current liabilities
$161,896.36
Due to Kamen Soap Products
Co. (a partnership) (to cover
taxes of individual partners)
240,000.00
Capital stock
100,000.00
Total liabilities
$501,896.36"
Upon the transfer of its assets to the petitioner corporation, the partnership dissolved; it is no longer in business. Part of the consideration for receipt of the partnership's assets was petitioner's agreement to assume the personal liabilities of the partners for income taxes for 1945 and 1946 to the extent of $240,000. Petitioner has a contractual obligation to pay the unpaid *85 balance of the original taxes for 1946, and the deficiencies in income tax for 1945 and 1946 of Rae and Abraham L. Kamen which are involved in these proceedings. The stipulation of facts is incorporated herein by this reference. All of the stipulated facts not set forth above are found according to the stipulation. Opinion The issue is whether petitioner is liable at law or in equity as a transferee of Rae and Abraham L. Kamen under section 311 of the 1939 Code [2] for their unpaid, original income taxes for 1946, and for their tax deficiencies for 1945 and 1946, plus statutory interest. Respondent, under section 1119(a) of the 1939 Code has the burden of proving that petitioner is liable as a transferee of property of the taxpayers. It is sufficient if the respondent establishes that petitioner is liable at law as a transferee. . *86 Petitioner concedes that there are deficiencies as set forth above and unpaid balances of the originally reported tax for 1946. Petitioner admits that it received substantially all of the assets of the partnership, that it assumed its liabilities, and that it assumed the personal liabilities of the Kamens, to the extent of $240,000, for their income taxes for 1945 and 1946. If there is any doubt on the last-mentioned point, we construe the agreement of January 31, 1946 as placing a contractual obligation upon petitioner to pay the unpaid balances of the original taxes for 1946, and tax deficiencies for 1945 and 1946, and have so found. The evidence shows that the only asset of the transferor-taxpayers, Rae and Abraham Kamen, after they transferred the partnership assets to petitioner was stock in petitioner. The fact that the transferor-taxpayers received and held stock of the petitioner-transferee does not, in view of all of the facts, defeat the Commissioner's determination of transferee liability under section 311(a), because there is a contractual liability on the part of petitioner to pay the taxes for 1945 and 1946 of the transferors, which taxes had accrued at the time of *87 the agreement. The question presented falls squarely within the rule of , aff'd . See, also, ; and . It is well established that where the obligation to pay the taxes of a transferor is by contract assumed by the transferee, the liability of the transferee can be enforced under section 311, or its forerunner, section 280. . See, also, , affd. , certiorari denied , where we said: "* * * it is well settled that creditors may not be forced to give up the real, tangible assets of a corporation [partnership] as security and look for payment alone to stock of another corporation." The assets which petitioner received had a value, according to the balance sheets of the partnership and of the petitioner as of January 29, 1946, and January 31, 1946, substantially in excess of the *88 liabilities shown on the balance sheets and the additional income taxes for 1945 and 1946 herein involved. We point out, further, that at the time the transfer agreement was entered into by petitioner, all events had occurred which fixed the amounts of the taxes for 1945 and 1946, herein involved, and determined the respective liabilities of the transferor-taxpayers to pay them. . Petitioner relies chiefly upon . It is distinguishable upon the facts and, also, it is other respects favorable to respondent's contentions here. See, also, . Respondent's determinations are sustained. It is held that petitioner is liable at law as a transferee under section 311(a) for the unpaid tax indebtedness of Rae and Abraham L. Kamen for 1945 and 1946, plus statutory interest. Decisions will be entered for respondent. Footnotes
1. It has been stipulated that the unpaid balance was $63,415.70, but this figure appears to contain an error, and it appears that it should be $63,315.70 since the notice of deficiency in Docket No. 43617 sets forth the unpaid balance of the original tax for 1946 in the amount of $54,315.70 which is the balance after payment of $9,000 after September 30, 1948.↩
2. SEC. 311. TRANSFERRED ASSETS. (a) Method of Collection. - The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this chapter (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds): (1) Transferees. - The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this chapter. * * *
Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax. * * *↩